WARD, Judge.
This is an appeal of a summary judgment dismissing medical malpractice claims against various physicians and their excess liability insurers. On appeal, the plaintiffs argue two issues. They first contend that the $100,000.00 liability cap for damages for a qualified health care provider is unconstitutional, and, secondly, that the limitation is a “personal defense” not available to the liability insurer of a qualified health care provider.
As to the first argument, our Supreme Court has recently considered this issue in Butler, et al. v. Flint Goodrich Hospital, 607 So.2d 617 (La.1992). There, the Court stated:
“Overall the Louisiana Medical Malpractice Act represents a reasonable but imperfect balance between the rights of victims and those of health care providers. It does not violate the state or federal constitutions.” Butler, supra at 521.
As to the second argument, it has not been directly addressed by Louisiana Courts, but in Sewell v. Doctors Hospital, 600 So.2d 577 (La.1992) our Supreme Court, when considering another issue of malpractice, stated that the limitation of the Louisiana Medical Malpractice Act applies to the insurer as well as the health care provider:
“As long as a health care provider remains qualified under the Act, the health care provider and his insurer are liable for malpractice only to the extent provided in the Act.” La.R.S. 40:1299.45A. Sewell, supra at 578.
In footnote 1 in Sewell the Court became even more specific:
“The principal advantages afforded to health care providers by the Act are the requirement that all claims for malpractice must be submitted initially to a medical review panel and the limitation of liability for malpractice of the health care provider and his insurer to the required basic insurance coverage [i.e., $100,000.00], with the Patient’s Compensation Fund responsible for the remainder of the victim’s damages up to $500,000,00 and for all future medical expenses.”
In the present case Ms. Payne forcefully argues that Butler was inferentially overruled by Wilmer Chamberlain, et. al. v. State of Louisiana, 624 So.2d 874 (La.1993). Chamberlain held that LSA-R.S. 13:5106(B)(1), the statutory limitation on recoveries from the State, was unconstitutional because it contravenes the constitutional proscription against sovereign immunity contained in LSA-Const. Art. XII, Sec. 10. In Chamberlain the Louisiana Supreme Court discussed the general principles of State Constitutional law, particularly noting that previous cases have held that “Plenary power in the legislature is the rule; prohibitions of the exercise of particular powers is the exception.”, and “Unlike the federal constitution which grants powers, the Louisiana constitution, in general, limits powers.” The Court then stated that ‘When a constitutional challenge is made, the question thus is not whether the constitution empowers, but rather whether the constitution limits the legislature, either expressly or impliedly, from enacting the statute at issue.” The Court then s.aid:
We recently addressed the constitutionality of a similar statutory measure placing a ceiling on medical malpractice liability in Butler v. Flint Goodrich Hospital of Dillard University, 607 So.2d 517 (La.1992), cert. denied, — U.S. -, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993). There we upheld the legislature’s power to enact a ceiling on liability of private health care providers, LSA-R.S. 40:1299.42(B)(1), over constitutional challenges based on the equal protection and access to court provisions, LSA-Const. Art. I, Sec. 3, and LSA-Const. Art. I Sec. 22, respectively. While reurg-ing these same constitutional challenges here, plaintiffs add a challenged based on the constitutional proscription against sovereign immunity, quoted above.
Thus, our Supreme Court cited Butler as one recent instance when the Court held that the plenary legislative powers were not limited *223 by the Louisiana constitution. If this is not the case, then at the very least this illustrates that our Supreme Court had Butler well in mind and did not inferentially overrule it. Moreover, it is illogical to say that the Louisiana Supreme Court would cite Butler for authority in an opinion if it intended to inferentially overrule it in that very case.
This Court should not presume that our Supreme Court inferentially overruled a recent opinion when that Court did not expressly do so.
AFFIRMED.
BYRNES, J., dissenting.
PLOTKIN, J., concurs with reasons.